IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

Janet and John Dimoff,            )
                                  )
                                  )
    Plaintiffs,                   )
                                  )
v.                                )        Case No. 20-cv-00059-HFS
                                  )
The Cincinnati Insurance Co.      )
                                  )
    Defendants.                   )

ORDER

This is an insurance coverage dispute arising out of a slope failure on a parcel of real property located in Jackson County, Missouri. Pending before the Court is Plaintiffs' Motion to Remand. (Doc.9). There is also a joint motion to extend expert witness deadlines. (Doc. 27).

**Background.**

Plaintiffs own a parcel of commercial real property containing a Dollar Tree store located in Sugar Creek, Missouri. Plaintiffs obtained insurance coverage under an "all-risk" Commercial property Coverage insurance policy ("Policy") issued by Defendant The Cincinnati Insurance Company ("Cincinnati").

On or around April 12, 2019, Plaintiffs noticed slope failure immediately adjacent to the Dollar Tree building located on their property. The slope failure quickly progressed

to the point where the building was unsafe to occupy. Plaintiffs notified their insurer and demanded coverage for the costs associated with the repair. The insurer investigated the claim but denied coverage under the policy.

On January 10, 2020, Plaintiffs filed their Petition for Declaratory Judgment and Damages in the Circuit Court of Jackson County, Missouri. *Janet and John Dimoff, v. Cincinnati Insurance Company*, Cause No. 2016-CV00929, seeking a declaration that Defendant owes a duty to Plaintiffs to cover the claims, losses, damages, and injuries sustained by Plaintiffs at the Property and recovery of damages for the costs to repair the damages.

Cincinnati removed this case to federal court on January 27, 2020, asserting diversity of citizenship under 28 U.S.C. § 1332(a)(1). Plaintiffs concede that the amount in controversy exceeds $75,000.00 and that Defendant has established the necessary diversity of the parties' citizenship such that 28 U.S.C. § 1332(a)(1) grants this Court original jurisdiction over the matter. Nevertheless, plaintiffs argue that this Court should exercise its discretion to remand the case to the Circuit Court of Jackson County, Missouri pursuant to the abstention doctrine detailed in Wilton v. Seven Falls Co., 515 U.S. 277, 279 (1995).

**Legal Standard.**

Federal jurisdiction authorized by the Declaratory Judgment Act is discretionary: "[i]n a case of actual controversy within its jurisdiction…any court of the United States…may declare the rights and other legal relations of any interested party seeking such declaration …". 28 U.S.C. § 2201(a). In Wilton, the Supreme Court held that the

broad discretionary standard set forth in Brillhart v. Excess Ins. Co. of Amer., 316 U.S. 491 (1942) governs a district court's decision to entertain an action under the Declaratory Judgment Act when there is a parallel state court action. Specifically, the Wilton Court held that a district court's decision "about the propriety of hearing declaratory judgment actions, which are necessarily bound up with their decisions about the propriety of granting declaratory relief, should be reviewed for abuse of discretion." 515 U.S. at 289-90.

The Court must undertake a two-part analysis to determine whether it has discretion to decline jurisdiction over a matter that seeks declaratory relief. First, the Court must determine whether the "Essence of the Suit" is declaratory or if the other relief sought dominates the dispute between the parties. Royal Indem.Co. v. Apex Oil Co., 511 F.3d 788, 793-94 (8th Cir.2008) (citing Horne v. Firemen's Ret. Sys. Of St. Louis, 69 F.3d 233, 236 (8th Cir. 1995)). Second, if the Court finds that declaratory relief is the essence of the suit between the parties, it must determine whether the factors outlined in *Scottsdale Ins. Co. v. Detco Indus*., 426 F.3d994, 998 (8th Cir. 2005), weigh in favor of exercising or abstaining jurisdiction over a declaratory matter.

**Discussion.**

The plaintiffs do not dispute that there is no parallel state court action such that abstention may be appropriate under Wilton. They argue, however, that this court still has limited discretion to remand this action to state court, citing Teva Pharmaceuticals, USA, Inc. v. Am. Motorists Ins. Co., 2008 WL 4596186 (E.D. Mo.).

In Teva, Judge Perry remanded a declaratory judgment action to state court when there was no directly parallel state court proceeding. However, Judge Perry acknowledged that "although there was no parallel proceeding, there were other state cases involving the same factual and legal issues of the same parties, and another federal court had already stayed one case." Id. at *11. Such considerations are not present here.

This case is much like another case decided by Judge Perry, Cairo Marine Servs. v. Homeland Ins. Co., 2010 WL 618509 (E.D. Mo.). Like here, plaintiff sought to remand a declaratory judgment action seeking a declaration of rights under an insurance policy based on a federal court's limited discretion to decline jurisdiction in declaratory judgment actions. The court rejected the argument made here that the court should abstain from exercising jurisdiction over the declaratory judgment action based on a federal court's limited power to decline hearing declaratory judgment actions. Judge Perry noted that to abstain under those circumstances, courts must consider the Scottsdale factors: whether the declaratory judgment sought will settle the legal relations in issue, the strength of the state's interest in having the issues decided in the state courts, and whether the federal action would result in unnecessary entanglement between the federal and state courts to determine whether to action. The court found that the Scottsdale factors did not favor abstention. The court determined that the resolution of the claims in the case would settle the relationships between the parties with respect to their insurance contracts and would resolve all issues raised in the federal proceeding. The court also determined that there were no important issues of state law in dispute; the case involved the responsibilities of the parties under the terms of two insurance contracts which were to be determined by

reference to traditional contract. The same considerations apply to the insurance contract dispute before the court here, and abstention is not warranted.

The intervenor plaintiff, East West Bank ("Bank"), has also filed a brief in support of plaintiffs' motion to remand. The Bank first argues that there is no need for this case to be litigated in federal court because it involves real property that is located and insured in Jackson County, Missouri, and it involves a loan that was made by the Bank in Jackson County, Missouri with a Deed of Trust recorded in Jackson County, Missouri. The Bank further argues that the case should be remanded to state court because there is no certification process which would allow the federal court to certify questions of state law to the Missouri Supreme Court. Zeman v. V.F. Factory Outlet, Inc., 911 F.2d 107, 108-09 (8th Cir. 1990) ("the Missouri Supreme Court has held that, notwithstanding the certification statute, the Missouri constitution did not grant the Missouri Supreme Court original jurisdiction to render opinions on questions of law certified by federal courts).

Neither of the Bank's arguments are compelling. This case involves the interpretation of an insurance contract and the location of the property is incidental to the interpretation of the policy. See Transit Cas. Co. in Receivership v. Certain Underwriters at Lloyd's of London, 963 S.W.2d 392, 396 – 98 (Mo. App. W.D. 1998) (obligations under an insurance policy determined by reference to traditional contract law). The Bank provides no authority for its argument that this case should be remanded based on this court's inability to certify questions of state law to the Missouri Supreme Court. Nor is there any suggestion that this presents a novel question of Missouri state contract law or authority that there is a certification process available to the state court other than a direct appeal. See Mo. Rev. Stat. § 477.004. As in all diversity cases, this Court will interpret

issues regarding the insurance policy under state law as directed by 18 U.S.C. section 1332(a). *See* Jordan v. Safeco Ins. Co. of Ill., 741 F.3d 882, 887 (8th Cir.2014) ("When a federal court sits in diversity, it must apply the governing precedent from the state's highest court, and when there is no case directly on point, the federal court must predict how the state supreme court would rule if faced with the same question.").

For these reasons, the Court declines to exercise its limited discretion to remand this action. Plaintiffs' motion to remand is hereby DENIED. (Doc. 9).

The parties recently filed a joint motion to extend the expert witness deadlines. (Doc.27). The Scheduling Order, however, contains no expert witness deadlines. (Doc. 25). Instead, it is the practice of this chamber to designate one deadline for the completion of all discovery and allow the parties to designate their own deadlines for the completion of expert discovery. Accordingly, the joint motion to extend the expert witness deadlines is unnecessary and DENIED as moot. (Doc.27).

s/ HOWARD F. SACHS
Howard F. Sachs
United States District Court Judge

June 10, 2020
Kansas City, Missouri